ISRAEL B. HOLMES *et ux.*

*v.*

JOHN H. HOLMES.

STATUTE OF FRAUDS—*parol promise to give or lease lands for the life of another —not binding.* A parol promise, founded upon no consideration, made by the owner of lands, to give or lease the same to another for life, is void, being within the statute of frauds.

APPEAL from the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This case was before the court at the April term, 1867, and is reported in 44 Ill. 169, wherein a full statement of the facts will be found.

Messrs. LELAND & BLANCHARD, for the appellants.

Messrs. MARSH, BROWN & TAYLOR, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case was before this court at a former term, and is reported in 44 Ill. 169.

The complainant in that case claimed an equal interest in the fee of this land, the whole of which, undoubtedly, belonged to appellant, as this court found, and reversed the decree. In this case, complainant claims a lease for life of the east half of the quarter section, and it was decreed to him.

To reverse this decree, the defendant has brought the record here by appeal.

We have examined the evidence again, and find no fact, as the statute of frauds and perjuries was pleaded, to take the case out of the operation of that act. The land was appellant's, and his promise to give or lease to his father for life, any portion of it, was of no binding force. No consideration is shown, to support any such promise. For the improvements put upon the east half, appellee is more than compensated by its use, without rents, for many years.

We perceive no essential difference as to the points in the claim now set up for a lease for life, than in the previous case, wherein the fee was demanded. There is no equity in the claim to either, and the decree granting to appellee a lease for life in the east half, must be reversed, having no foundation in equity or justice.

The testimony of the parties was taken on this trial, but it does not so change the aspect of the case as to induce us to alter the views expressed in the opinion delivered when the case was first before us.

Every foot of this land being the property of appellant, he was under no legal obligation to convey to appellee one-half,

or to give him any interest, whatever, in it. Appellant did, at one time, offer appellee a lease for life of one-half, which was refused, and a suit instituted to compel the conveyance in fee of one-half. Failing in this the effort is now made to compel a lease for life. Originally the offer by appellant to execute a lease for life, was but an emanation of a generous filial sentiment, and of no binding force, and as it was refused, appellant occupying *locus pœnitentiæ*, had a right, thereafter, to refuse compliance, no valuable consideration existing for the original offer.

The decree must be reversed.

*Decree reversed.*